# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

IN RE

**MARQUETTE TRANSPORTATION COMPANY, LLC**, *as Owner and Operator of the M/V Bruce L. Hahn*

Case No. 5:22-cv-86-BJB-LLK

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Marquette Transportation Company, LLC filed a complaint in this court to limit its liability after one of its tugs allided with a small recreational boat near Redwing, Minnesota. Complaint (DN 1) at 2–3. The Court granted Marquette's interim stipulations and enjoined all other claims and proceedings arising from this allision. Order Approving *Ad Interim* Stipulation and Bond for Value of Vessel and Directing Issuance of Notice and Restraining Suits (DN 10). Rachel Koenig filed an answer, claim, and now a motion to dissolve that restraining order (DN 23). All involve the claim she has filed in this Court (DN 25) against Marquette on behalf of her minor child V.P.K., who was injured in the crash.

The motion to dissolve advances two arguments. First, that this is a "single claim" lawsuit not subject to the concursus process in which a federal court gathers multiple claims into a single proceeding to ensure pro rata distribution of any recovery given the cap imposed by the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*. *See* Motion to Lift Restraining Order (DN 23-1) at 2; Fed. R. Civ. P. Supp. F.[1] Second, that the stipulations to this Court's authority to enforce the limitations provision eliminates any risk of over recovery, such that LOLA's "savings to suitors" clause, 28 U.S.C. § 1333(1), compels that she may pursue this suit in the venue of her choosing—namely the U.S. District Court for the District of Minnesota. Motion at 3–4; *see S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 643 (6th Cir. 1982); *Koenig v. Marquette Transp. Co., LLC*, D. Minn. No. 0:22-cv-2466 (stayed based on this Court's Restraining Order).

---

[1] A "concursus" is a proceeding involving "a marshalling of assets" in which the court may "se[t] ... priorities among claims" arising from the incident. *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982). If the vessel is liable and the claimants can't be paid in full because of the liability cap, the federal court enforces the limitation on liability and distributes the available funds to the claimants on a pro rata basis. *Id*.

1

Marquette's Response (DN 28) noted several purported deficiencies in Rachel Koenig's motion. The motion was premature (because the April 24 claims deadline hadn't passed), the single-claim description was potentially inaccurate (because Rachel Koenig had filed her own claim for loss of consortium in Minnesota and Marquette had some indication that the Cargill company might also file a claim), and the stipulations were inadequate (because the stipulations hadn't been filed and all potential claimants hadn't joined). *Id.* at 1, 4–6, and 7–8, respectively.

Koenig didn't respond. But Marquette later filed a notice that it did in fact face only a single claim in this federal proceeding—the claim Koenig filed on behalf of V.P.K. DN 35 at 1.[2] Magistrate Judge King ordered Koenig to respond regarding her stipulations, and she did—styling it as a "joint[3] stipulation." DN 37 at 1 (acknowledging this Court's jurisdiction and exclusive authority over the limitation of liability under LOLA and agreeing not to seek to enforce any excess judgment if the Court lifted the stay). Marquette's surreply noted this ignored the separate loss-of-consortium claim Koenig had filed on her own behalf in Minnesota, rendering this a multiple-claimant proceeding under LOLA (assuming the consortium claim didn't or doesn't come too late). DN 39 at 1–2.

In supplemental filings, Koenig contended that "this is a single claim because it arose from one incident and all of the parties who could claim damages are the V.P.K. and Rachel Koenig, both of whom are party to this action and have asserted a claim for damages." DN 42 at 4. Koenig's brief described the V.P.K. representative claim as "the sole claim" filed by "the sole person injured." *Id.* at 2. But as Marquette again noted, this filing neither addressed nor abandoned the pending Minnesota claim.

This is insufficient to dissolve this Court's injunction and allow Koenig to proceed in the District of Minnesota. *First*, the record remains entirely unclear regarding the status of the loss-of-consortium claim apparently pending in Minnesota and its impact on these Kentucky limitation-of-liability proceedings. *Second*, Koenig hasn't engaged with the proper text under Sixth Circuit law[4] regarding whether her consortium claim is derivative of her child's (and therefore potentially a single-claim

---

[2] In other words, the anticipated Cargill claim did not materialize in these proceedings and Koenig didn't file any claim on her own behalf.

[3] Jointly with whom is not entirely clear. Marquette certainly doesn't appear to have joined. It's possible, though hardly clear, that the stipulation is styled this way to indicate the agreement of the apparently distinct parties of Rachel Koenig and V.P.K.

[4] While the Sixth Circuit has looked to state law when determining the content of federal admiralty claims, *see In re Midland Enters.*, 886 F.2d 812, 816 (6th Cir. 1989), federal common law controls and has long recognized loss-of-consortium as a separate (non-derivative) action. *See Am. Exp. Lines, Inc. v. Alvez*, 446 U.S. 274, 281–86 (1980).

situation free of the need for a concursus) or else a separate claim (creating a multiple-claim situation that potentially requires a concursus—or at least a different stipulation).[5]  *Third*, Koenig's stipulations don't address the impact that the second claim could have on the amount or priority of the Koenig and V.P.K. claims.  *Fourth*, Koenig hasn't addressed whether her consortium claim is barred because it wasn't timely filed in this proceeding.  "Claims shall be filed and served on or before the date specified in the notice provided."  *See* FED. R. CIV. P. SUPP. F(5).  If Koenig wishes to pursue her individual claim, she presumptively must seek permission to file outside the notice period.  *See Jappinen v. Canada S.S. Lines, Ltd.*, 417 F.2d 189, 190–191 (6th Cir. 1969).

At the moment, only a single claim appears to be before this Court.  Yet in Minnesota the status of a related and pending claim remains unclear.  So the Court denies without prejudice the motion to dissolve the injunction (DN 23), orders the parties to confer regarding the appropriate next steps and the status of the Minnesota lawsuit, and orders the parties to file a status report within 30 days.

Benjamin Beaton, District Judge
United States District Court

September 27, 2023

---

[5] *See, e.g., S & E Shipping Corp.*, 678 F.2d at 644; *Complaint of Dammers and Vanderheide and Scheepvaart Maats Christina*, 836 F.2d 750, 756 (2d Cir. 1988) ("in admiralty cases … a claim for loss of consortium by one spouse is a separate and independent cause of action from the related tort claim of the other spouse") (citing *Alvez*, 446 U.S. at 284–86); *Gorman v. Cerasia*, 2 F.3d 519, 526 (3rd Cir. 1993).